WYATT J. GETER, *Plaintiff in Error,* v. CATHERINE SIMMONS, *Defendant in Error.*

Where this court, in a chancery suit between two parties, brought by one of them against the other to establish a resulting trust in certain lands, has been called on to decide the legal title to the lands which are the subject of the suit, and has done so in the chancery suit, holding the legal title to be in one of the parties, but also holding that no resulting trust was shown in favor of the other, in a subsequent action of ejectment brought by the party holding the legal title, against the other to recover possession of a portion of the lands, the proceedings in the chancery suit and the decree of this court, introduced in evidence by the plaintiff, are sufficient evidence to support the action of ejectment, in the absence of any testimony by the defendant tending to show a better title by adverse possession, or otherwise.

This case was decided by Division B.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Bryan & Bryan* and *I. L. Purcell,* for Plaintiff in Error;

*C. S. Adams* and *Cockrell & Cockrell,* for Defendant in Error.

HOCKER, J.—The plaintiff in error Wyatt J. Geter, the plaintiff below, brought an action of ejection in the circuit court of Duval county against the defendant Catherine Simmons to recover the possession of the West 20 feet of lot five (5) in Block 101, also the East 15 feet of lot four (4) in Block 101, the two pieces joining and fronting on Adams street, city of Jacksonville, Florida.

The plea of not guilty was filed and issue joined therein. The case came on for trial at the spring term 1900. The plaintiff introduced in evidence the bill in chancery of complainant Catherine Simmons, the answer and plea of Wyatt J. Geter, the replication thereto, the evidence introduced, the decree of the Circuit Judge thereon, the appeal to this court therefrom, the mandate of this court with its opinion,—these being the proceedings connected with the chancery case of Geter v. Simmons, reported in 57 Fla., 423, 49 South. Rep., 131. He then rested his case and the defendant demurred to the evidence. The circuit judge sustained the demurrer and rendered judgment for the defendant.

This judgment is here on writ of error for review. It will be seen, we think, this court held in the chancery case referred to (p. 423) that the purpose of the chancery suit was to establish a resulting trust in favor of the complainant Simmons in certain lands, embracing that in controversy in the instant suit, the legal title to which lands is alleged in the bill to be in Wyatt J. Geter, the plaintiff here. That this court decided the legal title to the lands was in Geter; that no resulting trust was established in favor of Catherine Simmons, and that it expressly ordered the dismissal of the bill "without prejudice to the right of Catherine Simmons to set up and urge her title by prescription, if any, as a defense to any possessory action that may be instituted against her for any part or portion of

the premises in controversy of which she may have the actual adverse possession."

The only error assigned here is that the court erred in sustaining the demurrer to the evidence. We think the parties to the chancery suit are estopped from contesting the matters expressly decreed in the chancery suit and one of those matters was, as we have said, that the legal title to the lands was in Geter. For if it had been found that the legal title was not in Geter, there would have been no occasion whatever for an investigation of the question of a resulting trust. 1 Freeman on Judgments (4th Ed.), section 249.

The parties to the chancery suit are the same as the parties to the instant suit. It seems to us therefore, that when the plaintiff introduced in evidence in this suit the proceedings and decree in the chancery suit, he proved, so far as the defendant was concerned that the legal title to the land in controversy was in him, and having shown his legal title, he did all that was necessary to recover a judgment, unless the defendant had shown a better title by adverse possession, or otherwise.

The defendant introduced no evidence however, and rested her case upon a demurrer to the plaintiff's evidence.

We think the circuit judge erred in sustaining the demurrer to the evidence.

The judgment below is reversed and a new trial ordered.

TAYLOR and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD, J., concur in the opinion.

· COCKRELL, J., disqualified, took no part.